Green, J.,
The plaintiff purchased lumber from the defendant at a fixed price per thousand feet. Having paid to the defendant some money, and having paid also some cartage and other charges, he brought the present action before a magistrate and sought to recover a sum of money wjhich he claimed was due from the defendant upon a statement of account made by himself. In this statement, he does not credit the defendant with the price of the lumber which he had received from the defendant *705 according to tbeir written contract, but with certain sums of money which he indicates as proceeds of sales — these amounts being considerably less than the contract-price of the lumber, are not sufficient, in the aggregate, to liquidate the amount charged by the plaintiff against the defendant for remittances of cash and charges paid, and in this manner an apparent balance of $215.49 is due by the defendant, although he was the seller of the lumber. The plaintiff’s statement of the account does not indicate the quantity of lumber received by the plaintiff from the defendant, but simply credits defendant with certain sums “ per acct. sales.” Of course, if the plaintiff did not account for all the lumber received, or did not account for all the lumber received, or did not account for the correct prices, the account would not be correctly stated.
Whether the defendant owes the plaintiff anything or not, therefore, depends entirely upon the correctness of the account stated by the plaintiff. The plaintiff’s statement was given in evidence, and certain letters passing between the parties which contained the contract under which the lumber was sold by the defendant to the plaintiff. Then the defendant offered to prove what quantity of lumber he had sold to the plaintiff, but his offer was rejected, because it would show that, instead of the defendant owing the plaintiff the amount claimed, the plaintiff would owe the defendant an amount exceeding the jurisdiction of a justice. The offer was treated as an offer to prove a set-off, but this was an entire misconception of the true character of the evidence proposed. It was the fault of the defendant’s counsel to present the offer in that way, but that circumstance does not alter the legal substance and character of the offer. It was certainly competent for the defendant to prove the real true character of the transaction, and if the actual facts of the case defeated the plaintiff’s claim by disproving his cause of action, the proof was undoubtedly competent. We are clearly of opinion that the rejected offer should have been received, not to establish a set off, but to reduce or destroy the plaintiff’s cause of action, and therefore the judgment must be reversed. We sustain the third and fourth assignments of error, and dismiss the first and second-.
Judgment reversed and venire de novo awarded.