Per Curiam,
This is a somewhat complicated case, but we think the learned judge below took the correct view of it. The assignment executed by the three daughters of Benjamin Fogel to their brothers, passed their entire interest in the estate of their deceased father, whether as legatees or distributees. There was nothing left in them and the whole estate became vested in the three brothers jointly. No one of them has any particular share or part in the property conveyed. The amount each brother would be entitled to out of the estate would necessarily depend upon the result of a settlement between them. Neither of the parties could sue the others for a particular share until the amount of each share should be ascertained in some way. It was not error, therefore, for the learned judge to charge that “it can nowhere be found, from the will nor the agreement of the parties, — the assignment of the daughters to the .sons — that there was given to Willoughby Fogel one-third of this $3,600, and to John one-third, and William to keep one-third for himself. But this $3,600, and everything else that the daughters had in their father’s estate, was given jointly to these three men, and before Willoughby can demand at the hands of William $1,200, it must appear that, in the division of all of the father’s estate that came to these three sons under that assignment, when the sisters gave everything to them jointly, Willoughby was entitléd to the third.” ( See second assignment.) The court, however, left it to the jury to find from the evidence whether the three brothers'had made a division or settlement, and instructed them that, in case they so found, they should render a verdict for the plaintiff. (See third and fourth assignment.) This ruling was quite as favorable to the plaintiff as he was entitled to.
Judgment affirmed.
Note. — In Mills v. Daird, 1 Mona. 702, it was held that, in an action of assumpsit on an appeal from the judgment of a justice of the peace, a defendant may set up a defence to disprove the plaintiff’s claim by showing a set-off, although it also proves that the plaintiff owed the defendant an amount in excess of the justice’s jurisdiction, the evidence being admitted not to establish a set-off, but to destroy plaintiff’s cause of action.